UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil No.: 1:21-cv-338

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **DECLARATORY JUDGMENT AND** |
| ACE AMERICAN INSURANCE | ) **OTHER RELIEF** |
| COMPANY and PACKAGING | ) |
| CORPORATION OF AMERICA | ) |
| | ) |
| Defendants. | ) |

Plaintiff Great West Casualty Company, by counsel, for its Complaint for Declaratory Judgment and other relief against Defendant Ace American Insurance Company, alleges and says as follows.

## PARTIES AND JURISDICTION

1. Plaintiff Great West Casualty Company ("Great West") is a corporation organized under the laws of the State of Nebraska with its principle place of business located in the State of Nebraska. At all times relevant hereto, Great West was authorized to conduct business in the insurance industry in the State of North Carolina.

2. Upon information and belief, Defendant Ace American Insurance Company ("Ace") is a corporation organized and existing under the laws of the State of Florida with its principal place of business in the State of Pennsylvania.

3. Upon information and belief, Defendant Packaging Corporation of America ("PCA") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois.

## JURISDICTIONS AND VENUE

4. This is a declaratory judgment action with jurisdiction based upon 28 U.S.C. § 2201 and diversity of citizenship under 28 U.S.C. § 1332, where the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) by virtue of the fact that a substantial part of the events giving rise to the claims took place in this District.

6. This Court has the power to grant the relief sought in this action pursuant to, *inter alia*, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

## ALLEGATIONS

7. Great West incorporates by reference the allegations contained in paragraphs 1 through 5 of the Complaint.

8. On or about August 13, 2018, Kellie S. Wallace commenced a civil lawsuit, entitled *Kellie S. Wallace, Plaintiff v. Packaging Corporation of America, Defendant*, case number 18-cvs-1994, in the General Court of Justice, Superior Court Division, for Rowan County, North Carolina (the "Underlying Lawsuit").

9. A copy of the Complaint filed in the Underlying Lawsuit is attached as Exhibit A.

10. The Underlying Lawsuit arises from injuries Ms. Wallace allegedly sustained in an October 2, 2015 accident. In her Complaint, Ms. Wallace alleged that the accident was the direct and proximate result of the negligence of PCA.

11. At the time of the accident, Ms. Wallace was an employee of Salem Carriers, Inc. ("Salem").

12. In the Underlying Lawsuit, Ms. Wallace alleges that PCA contracted with Salem to perform cargo delivery services under a "PCA Transportation Agreement" (the "Transportation Agreement").

13. Upon information and belief, a true and accurate copy of the Transportation Agreement is attached as Exhibit B.

14. Salem is the named insured under Great West's Policy No. MCP 19530A (the "Great West Policy"). PCA was named as an additional insured by endorsement CA 49 01 10 15 to the Great West Policy's Commercial Auto Coverage Part.

15. A certified true and accurate copy of the Great West Policy is attached as Exhibit C.

16. Great West has agreed to provide coverage under the Commercial Auto Coverage Part for a defense of the Underlying Lawsuit on behalf of PCA while reserving its right to disclaim coverage.

17. On December 18, 2018, Great West initiated an action ("Great West's 2018 Declaratory Judgment Action") before this Court against PCA, Salem, and Kellie S. Wallace, seeking, *inter alia*, a declaration that there is no coverage afforded to PCA under the Great West Policy in connection with the Underlying Lawsuit and that Great West does not have a duty to defend or a duty to indemnify PCA.

18. Great West's 2018 Declaratory Judgement Action is pending before this Court.

19. Despite the pending Great West's 2018 Declaratory Judgment Action, Great West has defended PCA in the Underlying Lawsuit subject to a reservation of rights.

20. PCA is the named insured under Ace's Policy No. ISA H08843113 (the "Ace Policy").

21. Upon information and belief, a true and accurate copy of the Ace Policy is attached as Exhibit D.

22. A plain review of the allegations Ms. Wallace has asserted in the Underlying Lawsuit demonstrates that at least some of the allegations and alleged damages implicate coverage under the "Business Auto Coverage Form" of the Ace Policy and are, therefore, sufficient to impose upon Ace a duty to defend PCA in the Underlying Lawsuit.

23. At a minimum, the Underlying Lawsuit involves allegations of "bodily injury" caused by an "accident" which resulted from the ownership, maintenance, or use of a covered "auto" through the negligence of PCA, which implicates coverage under the Ace Policy.

4

24. Section IV of the Business Auto Coverage Form of the Ace Policy contains the following "other insurance" clause:

> 5. Other Insurance
>
> a. For any covered "auto" [PCA] own, this Coverage Form provides primary insurance. For any covered "auto" [PCA] don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:
>
> (1) Excess while it is connected to a motor vehicle [PCA] do not own; or
>
> (2) Primary while it is connected to a covered "auto" [PCA] own.

25. The Additional Insured Endorsement CA 49 01 10 15 to the Great West Policy contains the following "other insurance" clause:

> E. Any coverage provided by this endorsement is excess over any other valid and collectible insurance available to the Additional Insured whether primary, excess, contingent, or on any other basis unless the contract or agreement [Salem] have with them requires that this insurance be primary.

26. Pursuant to the Commercial Auto Coverage Part Motor Carrier Coverage Form Declarations of the Great West Policy, the most Great West would pay for any one "accident" or "loss" under Covered Auto Liability is $1,000,000.

27. Pursuant to the Business Auto Declarations, Item Two – Schedules of Coverages and Covered Autos, of the Ace Policy, the most Ace would pay for any one accident or loss is $3,000,000.

28. Both the Great West Policy and the Ace Policy provide excess coverage to PCA in the Underlying Lawsuit pursuant to the respective "other insurance" clauses.

29. In the event that the two "other insurance" clauses contained in the Great West Policy and the Ace Policy are mutually repugnant, Great West and Ace shall contribute to the defense of PCA in the Underlying Lawsuit by *pro rata* shares.

30. Consequently, Great West has sought from Ace the *pro rata* share, or 75%, of the total amount of the costs and expenses Great West has incurred, and continues to incur, in defending PCA in the Underlying Lawsuit.

31. Great West's February 19, 2021 tender letter to Chubb is attached as Exhibit E.

32. Despite its obligation to provide a defense to PCA in the Underlying Lawsuit, Ace, through Chubb North American Claims ("Chubb"), refused to contribute to any of the costs and expenses in defending PCA in the Underlying Lawsuit.

33. Chubb's March 17, 2021 rejection of Great West's request for contribution is attached as Exhibit F.

34. Chubb bases its denial of the request for contribution on: (1) Salem's contractual obligation to indemnify PCA pursuant to the Transportation Agreement; and (2) PCA's status as an omnibus "insured" user of the truck, which qualifies it as an "insured" under the Great West Policy.

35. While both of Chubb's allegations are disputed, neither argument, even taken as true, eliminates or otherwise abrogates Ace's obligation to defend PCA in the Underlying Lawsuit under the Ace Policy.

36. Salem is not named as a defendant in the Underlying Lawsuit, and Ms. Wallace does not allege or claim that Salem was negligent or otherwise at fault for the accident. There are no allegations or claims asserted in the Underlying Lawsuit that Salem is vicariously or otherwise liable for the negligence of PCA.

37. Under Section 5(a) of the Transportation Agreement, Salem agreed to defend, indemnify, and hold PCA harmless for liability claims *arising from Salem's performance of services for PCA*. However, Salem's agreement to defend, indemnify, and hold PCA harmless expressly does not apply to claims against PCA based *solely on PCA's negligence*.

38. No alleged contractual obligation on the part of Salem pursuant to the Transportation Agreement eliminates or otherwise abrogates Ace's duty to provide a defense to PCA in the Underlying Lawsuit on a *pro rata* basis.

39. Under Section II – Covered Autos Liability Coverage of the Great West Policy, "insureds" is defined to include the following:

> b. Anyone else while using with [Salem's] permission a covered "auto" [Salem] own, hire or borrow except:
>
> * * * * *
>
> (5) Anyone other than [Salem's] "employees", partners (if [Salem] are a partnership), members (if [Salem] are a limited liability company), a lessee or borrower of a

covered "auto" or any of their "employees", while moving property to or from a covered "auto".

40. Based on the allegations asserted by Ms. Wallace in the Underlying Lawsuit, PCA is not an "insured" under Section II of the Great West Policy.

41. Accordingly, Ace owes a duty to defend PCA in the Underlying Lawsuit pursuant to the Ace Policy and to contribute its *pro rata* share, or 75%, of the total amount of the costs and expenses Great West has incurred, and continues to incur, in defending PCA in the Underlying Lawsuit.[1]

## COUNT I
## (CLAIM FOR DECLARATORY RELIEF)

42. Great West incorporates by reference the allegations contained in paragraphs 1 through 37 of the Complaint.

43. Great West respectfully requests the Court to judicially declare that Ace, pursuant to the terms of the Ace Policy, owes a duty to defend PCA in the Underlying Lawsuit and that Ace has wrongfully denied PCA a defense of the Underlying Lawsuit.

44. Great West further seeks a declaration that the two "other insurance" clauses contained in the Great West Policy and the Ace Policy are mutually repugnant, and therefore, the applicable coverages, to the extent any exists, under the Great West Policy and the Ace Policy are provided to PCA on a *pro rata* basis.

---

[1] The 75% *pro rata* share of the costs and expenses that Ace is obligated to contribute is subject to the outcome of the pending Great West's 2018 Declaratory Judgment Action. In the event that this Court declares that Great West does not owe a duty to defend PCA under the Great West Policy, Ace should bear the entirety of the costs and expenses that Great West has incurred, and continues to incur, in defending PCA in the underlying lawsuit.

8

45.     Great West further seeks a declaration that Ace is obligated to contribute its *pro rata* share, or 75%, of the total amount of the costs and expenses Great West has incurred, and continues to incur, in defending PCA in the Underlying Lawsuit, in the event that Great West owes a duty to defend PCA in the Underlying Lawsuit under the Great West Policy.[2]

## COUNT II
## (EQUITABLE CONTRIBUTION)[3]

46.     Great West incorporates by reference the allegations contained in paragraphs 1 through 41 of the Complaint.

47.     The Great West Policy and the Ace Policy provide the same types of liability coverage to PCA on the same excess basis.

48.     Great West and Ace share a common and equal duty to defend PCA in the Underlying Lawsuit.

49.     Ace's wrongful denial of a defense and refusal to contribute its 75% *pro rata* share of the costs and expenses of defending PCA in the Underlying Lawsuit compels Great West to bear more than its equitable and just share of this common obligation.

50.     Ace's wrongful denial of a defense and refusal to contribute its 75% *pro rata* share, at the expense of Great West, offends the very basic principles of equity.

---

[2] The amount Ace is obligated to contribute is subject to the outcome of the pending Great West's 2018 Declaratory Judgment Action. *See supra* note 1, ¶ 40.

[3] The amount Ace is obligated to contribute is subject to the outcome of the pending Great West's 2018 Declaratory Judgment Action. *See supra* note 1, ¶ 40.

51. Equity requires that Great West and Ace bear the costs and expenses of defending PCA in the Underlying Lawsuit on a *pro rata* basis.

52. Accordingly, Ace is liable to Great West under the principle of equitable contribution for its share of the costs and expenses in connection with defending PCA in the Underlying Lawsuit that Great West has incurred, and continues to incur, in excess of its 25% *pro rata* share.

WHEREFORE, Plaintiff prays for a judgment against Defendant that includes the following relief:

1. The entry of a declaratory judgment adjudging the relative rights of the parties to this action under the Great West Policy and the Ace Policy. Specifically, Plaintiff prays for an Order adjudging and declaring that: (a) Defendant owes a duty to defend PCA in the Underlying Lawsuit under the Ace Policy; (b) Defendant breached the terms of its coverage contract with PCA by wrongfully denying a defense of PCA in the Underlying Lawsuit; (c) Defendant shall reimburse Plaintiff for the costs and expenses Plaintiff has paid in excess of its *pro rata* share in connection with defending PCA in the Underlying Lawsuit; and (d) Defendant shall continue to pay its 75% *pro rata* share of the costs and expenses incurred in defense of PCA in the Underlying Lawsuit.

2. An Order that Defendant shall make payments to Plaintiff consistent with this Declaratory Judgment.

3. An Order for Defendant to pay: (a) the entirety of the costs of this action; and (b) the reasonable attorney's fees Plaintiff incurs in prosecuting this action.

4. Any other and further relief as the Court may deem just and proper.

This, the 28th day of April, 2021.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY: /s/ William A. Bulfer
William A. Bulfer – N.C. State Bar No. 31424
117 Cherry Street North
Asheville, North Carolina 27619
Telephone: (919) 805-5017
Facsimile: (919) 873-1814
wbulfer@teaguecampbell.com
*Attorney for Plaintiff*

Daniel T. Strong – N.C. State Bar No. 49546
4700 Falls of Neuse Rd, Suite 450
Raleigh, NC 27609
Telephone: (919) 873-0166
Facsimile: (919) 873-1814
*Attorney for Plaintiff*