IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GREAT WEST CASUALTY COMPANY,      )
                                  )
        Plaintiff,                )
                                  )
        v.                        )
                                  )
ACE AMERICAN INSURANCE COMPANY,   )
and PACKAGING CORPORATION OF      )
AMERICA,                          )
                                  )
        Defendants.               )
                                  )      1:21-cv-338
*******************************
ACE AMERICAN INSURANCE COMPANY,   )
                                  )
        Third-Party Plaintiff,    )
                                  )
        v.                        )
                                  )
SALEM CARRIERS, INC., and         )
GEMINI INSURANCE COMPANY,         )
                                  )
        Third-Party Defendants.   )


**<u>MEMORANDUM OPINION AND ORDER</u>**

**OSTEEN, JR., District Judge**

        Before this court is Third-Party Defendant Salem Carriers,
Inc.'s Motion to Dismiss Third-Party Amended Complaint or in the
Alternative, Motion for Judgment on the Pleadings. (Doc. 68.)
Also before this court is Third-Party Defendant Gemini Insurance
Company's Motion to Dismiss ACE American Insurance Company's
First Amended Complaint or, in the Alternative, Motion for
Judgment on the Pleadings. (Doc. 71.) Both motions seek to

dismiss Defendant ACE American Insurance Company's Amended Third Party Complaint. (Doc. 65.) For the reasons set forth herein, this court will deny Salem Carriers, Inc.'s and Gemini Insurance Company's motions to dismiss. (Doc. 68; Doc. 71.)

## I. <u>FACTUAL BACKGROUND</u>

On a motion for judgment on the pleadings, "the court must accept all of the non-movant's factual averments as true." <u>SmithKline Beecham Corp. v. Abbott Lab'ys.</u>, No. 1:15cv360, 2016 WL 922792, at *3 (M.D.N.C. Mar. 10, 2016). The same standard applies to a motion to dismiss. <u>See Ray v. Roane</u>, 948 F.3d 222, 226 (4th Cir. 2020). The facts taken in the light most favorable to ACE — the Third-Party Plaintiff and the non-moving party — are as follows.

### A. <u>Parties</u>

Plaintiff Great West Casualty Company ("Great West") is a Nebraska Corporation authorized to conduct insurance business in the State of North Carolina. (<u>See</u> Great West's First Am. Compl. For Declaratory J. and Other Relief ("Great West's First Am. Compl.") (Doc. 57) at 2.)[1]

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the Court refer to the page numbers located at the bottom righthand corner of the documents as they appear of CM/ECF.

- 2 -

Defendant Packaging Corporation of America ("PCA") is incorporated in Delaware with its principal place of business in Illinois. (See Great West's First Am. Compl. (Doc. 57) at 2.)

Defendant and Third-Party Plaintiff ACE American Insurance Company ("ACE") is a Pennsylvania corporation with its principal place of business in Pennsylvania. (See ACE American Insurance Company's First Am. Third-Party Compl. ("ACE's Third-Party Compl.") (Doc. 65) at 3.)

Third-Party Defendant Salem Carriers, Inc. ("Salem") is a North Carolina corporation. (Compare Answer of Third-Party Def. Salem Carriers, Inc. to ACE American Insurance Company's Am. Third Party Compl. ("Salem's Answer") (Doc. 67) at 2, with ACE's Third-Party Compl. (Doc. 65) at 3.)

Third-Party Defendant Gemini Insurance Company ("Gemini") is a Delaware corporation with a principal place of business in Arizona. (Compare Third-Party Def. Gemini Insurance Company's Answer to Am. Third-Party Compl. ("Gemini's Answer") (Doc. 70) at 3, with ACE's Third-Party Compl. (Doc. 65) at 3.)

Both the complaint and third-party complaint in this action arise out of an accident on October 2, 2015 in which a Salem employee, Kellie Wallace, was injured; she subsequently filed a complaint, (Doc. 57-1), in state court naming PCA as defendant to recover for injuries sustained. (See ACE's Third-Party Compl.

- 3 -

(Doc. 65) at 11.) That claim was settled in September 2021. (<u>See</u> <u>id.</u> at 2.)

## B. <u>Salem and PCA's Agreements</u>

In May 2007, Salem entered into an annually-renewing contract with PCA to perform cargo delivery services ("Transportation Agreement"). (<u>See</u> ACE's Third-Party Compl. (Doc. 65) at 4; <u>see also</u> Salem's Answer (Doc. 67) at 3; Gemini's Answer (Doc. 70) at 3-4.) Under the Transportation Agreement, PCA was the "shipper," and Salem was the "carrier." (<u>See</u> ACE's Third-Party Compl. (Doc. 65) at 4; <u>see also</u> Salem's Answer (Doc. 67) at 3; Gemini's Answer (Doc. 70) at 3-4.)

The Transportation Agreement required Salem to defend and indemnify PCA against personal injury claims stemming from transportation of PCA's goods, so long as those claims did not arise from PCA or its employees' sole negligence. (<u>See</u> ACE's Third-Party Compl. (Doc. 65) at 5; Salem's Answer (Doc. 67) at 3.)

The indemnification provision of the Transportation Agreement states:

> <u>5. INDEMNITY, LIABILITY & INSURANCE COVERAGES</u>
> (a) CARRIER shall at all times, both during and after the effective Term, defend, indemnify, and hold harmless SHIPPER . . . from and against any and all settlements, losses, assessments, damages, costs, counsel fees and all other expenses relating to or arising from any and all claims of every nature or character concerning CARRIER's actions or inaction

- 4 -

during or related to CARRIER's performance of services
for SHIPPER without limitation. Such actions or
inaction include but are not limited to, claims for
personal injury . . . asserted against SHIPPER by an
agent or employee of CARRIER or any other person. This
indemnification is not applicable to the extent any
and all settlements, losses, damages, assessments,
costs, counsel fees and all other expenses relating to
or arising from claims of every nature or character
result from the sole negligence of SHIPPER or its
employees or agents.

(ACE's Third-Party Compl. (Doc. 65) at 5; Ex. B, Transportation

Agreement ("Transportation Agreement") (Doc. 57-2) ¶ 5(a).)[2]

Under the Transportation Agreement, Salem was deemed an

independent contractor to PCA, and Salem was considered to have

exclusive control over its employees or agents. (See ACE's

Third-Party Compl. (Doc. 65) at 5–6; see also Salem's Answer

(Doc. 67) at 3; Gemini's Answer (Doc. 70) at 3–4.)

## C. **Salem's Insurance Policies**

Great West issued a commercial auto insurance policy

("Great West Policy") to Salem for a policy period of October 1,

2015 to October 1, 2016. (See Great West's First Am. Compl.

(Doc. 57) ¶ 14; ACE's Answer and Countercl. (Doc. 64) at 17.)

PCA was named as an additional insured in the Great West Policy

_____

[2] ACE has included excerpts of the Transportation Agreement
in its third-party complaint. (See ACE's Third-Party Compl.
(Doc. 65) at 5.) Great West also included a full copy of the
Transportation Agreement as an exhibit to its first amended
complaint. (See Transportation Agreement (Doc. 57-2) ¶ 5(a).)
Although this court cites to both documents, the Transportation
Agreement appears to be the same across both documents.

- 5 -

via an endorsement. (See Great West's First Am. Compl. (Doc. 57) ¶ 15; ACE's Answer and Countercl. (Doc. 64) at 2.)

Additionally, Gemini issued a commercial insurance policy ("Gemini Policy") to Salem for a policy period of October 1, 2015 to October 1, 2016. (See ACE's Third-Party Compl. (Doc. 65) at 6; Salem's Answer (Doc. 67) at 3; Gemini's Answer (Doc. 70) at 4.) The Gemini Policy lists Great West as an "underlying insurer" and the Great West Policy as "underlying insurance." (See ACE's Third-Party Compl. (Doc. 65) at 7; see also Salem's Answer (Doc. 67) at 3; Gemini's Answer (Doc. 70) at 4.)

### D.  **Kellie Wallace's Accident**

On October 2, 2015, a Salem employee was transporting cargo in a Salem-owned trailer from a facility in Honea Path, South Carolina to a facility in Salisbury, North Carolina, pursuant to the Transportation Agreement. (See ACE's Third-Party Compl. (Doc. 65) at 7–8; see also Salem's Answer (Doc. 67) at 3.) Allegedly, neither the Salem employee driving the trailer, nor any other Salem employee, inspected the cargo inside the trailer, ensured that the cargo was properly distributed or secured, or adjusted the cargo to properly secure it within the trailer at any point during the journey, including at loading in Honea Path, during the drive, or upon arrival at the Salisbury facility. (See ACE's Third-Party Compl. (Doc. 65) at 8–10; see

- 6 -

also Salem's Answer (Doc. 67) at 3–4; Gemini's Answer (Doc. 70) at 5–6.) At the facility, a Salem employee, Kellie Wallace, opened the back doors of the trailer — allegedly without discussion or planning with the driver — after which a 500-pound pallet fell off the trailer and struck her.[3] (See ACE's Third-Party Compl. (Doc. 65) at 10–11; Salem's Answer (Doc. 67) at 4–5; Gemini's Answer (Doc. 70) at 6–7.)

On August 13, 2018, Ms. Wallace sued PCA for negligence in North Carolina state court ("Underlying Lawsuit") to recover for her injuries resulting from the pallet that struck her. (See ACE's Third-Party Compl. (Doc. 65) at 11; Salem's Answer (Doc. 67) at 5; Gemini's Answer (Doc. 70) at 7–8.) Salem was not included as a party in the Underlying Lawsuit.[4] (See ACE's Third-Party Compl. (Doc. 65) at 11; Gemini's Answer (Doc. 70) at 8.) Subsequently, all parties to the Underlying Lawsuit settled.

---

[3] Although Ms. Wallace's accident took place at a PCA facility, ACE's third-party complaint does not directly state so. Nonetheless, other pleadings on the record do suggest that Ms. Wallace's accident took place at a PCA facility. (See Great West's First Am. Compl. (Doc. 57) at 7.) Because this is relevant information to ensure a full understanding of the facts, as alleged by ACE, this court is including this background here.

[4] Salem was not included as a party in the Underlying Lawsuit because Ms. Wallace filed a workers' compensation claim under North Carolina's Workers' Compensation Act against Salem. (See ACE's Third-Party Compl. (Doc. 65) at 11.) The worker's compensation claim has been resolved. (See id.)

- 7 -

(See ACE's Third-Party Compl. (Doc. 65) at 12; Salem's Answer
(Doc. 67) at 5; Gemini's Answer (Doc. 70) at 8.)

ACE has provided insurance coverage to PCA. (See ACE's
Third-Party Compl. (Doc. 65) at 16.) In its amended complaint,
Great West alleges that ACE issued a policy insuring PCA,
ultimately contending that ACE must provide coverage and defend
PCA in the Underlying Lawsuit. (See Great West's First Am.
Compl. (Doc. 57) at 12.) In contrast, PCA alleges that the Great
West Policy obligates Great West to provide coverage to PCA in
the Underlying Lawsuit. (Doc. 59 at 20.) Despite Great West's
determination that it has no duty to defend PCA, it has
nonetheless provided for PCA's defense in the Underlying Lawsuit
while reserving its rights to disclaim coverage. (See Great
West's First Am. Compl. (Doc. 57) at 5.)

In its amended third-party complaint, ACE alleges that
Salem failed to comply with federal regulations because Salem's
employees allegedly failed to properly secure the cargo in the
trailer. (See ACE's Third-Party Compl. (Doc. 65) at 8-10, 11.)

## II.  PROCEDURAL HISTORY

In December 2018, Great West filed a declaratory judgment
action in this court under 28 U.S.C § 2202. See Great West Cas.
Co. v. Packaging Corp. of Am., No. 1:18-cv-01026 (M.D.N.C. case
dismissed Oct. 18, 2021). Great West sought a declaration that

- 8 -

it was not obligated to provide coverage to PCA under the Great West Policy in connection with the Underlying Lawsuit and that Salem was not obligated to defend or indemnify PCA under the Transportation Agreement in connection with the Underlying Lawsuit. See Complaint at 10-11, Great West Cas. Co., No. 1:18-cv-01026. Several days later, PCA filed a complaint against Great West for declaratory judgment, breach of contract, and extra-contractual relief in the U.S. District Court for the Northern District of Illinois. See Packaging Corp. of Am. v. Great West Cas. Co., No. 18-CV-08400, (N.D. Ill. case dismissed Sept. 30, 2021). Ultimately, both cases were dismissed without prejudice in 2021.

In April 2021, Great West filed a complaint for declaratory judgment in the present action. (See Great West's Compl. (Doc. 1).) Subsequently, Great West filed an amended complaint seeking a judgment declaring that: (I) Great West has no duty-to-defend or duty-to-indemnify PCA in connection with the underlying lawsuit; (II) if Great West does owe any duty to PCA, ACE, as PCA's insurer, also owes a duty to defend and indemnify PCA such that ACE is obligated to reimburse Great West for its pro rata share of the litigation costs and settlement expenses; and (III) if Great West does owe any duty to PCA, ACE is obligated to reimburse Great West for its pro rata share of the litigation

- 9 -

costs and settlement expenses under the principle of equitable contribution. (See Great West's First Am. Compl. (Doc. 57) ¶¶ 65–79.)

ACE filed a third-party complaint against both Salem and Gemini. (See ACE's Third-Party Compl. (Doc. 65).) ACE seeks judgment: (a) declaring that Salem and its insurers have an obligation to indemnify PCA for its defense in the Underlying Lawsuit; (b) declaring that Gemini is obligated to pay PCA the liability limits pursuant to an insurance policy Gemini issued to Salem; (c) declaring that ACE has no obligation to share in PCA's defense or expenses in the Underlying Lawsuit; and (d) awarding ACE damages, costs, and expenses. (See ACE's Third-Party Compl. (Doc. 65) at 16–17.)

Third-Party Defendant Salem has filed a motion to dismiss ACE's third-party complaint under Fed. R. Civ. P. 12(b)(6) or for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), (see Doc. 68), as well as an accompanying memorandum, (see Third-Party Def. Salem Carriers, Inc.'s Mem. of Law in Supp. of its Mot. to Dismiss the Third-Party Am. Compl. or in the Alternative Mot. for J. on the Pleadings ("Salem's Br.") (Doc. 69)). Third-Party Defendant Gemini has also filed a motion to dismiss ACE's third-party complaint or for judgment on the pleadings, (see Doc. 71), as well as an accompanying memorandum,

(see Mem. in Supp. of Third-Party Def. Gemini Insurance Co.'s
Mot. to Dismiss the Am. Third-Party Compl. or, in the
Alternative, Mot. for J. on the Pleadings ("Gemini's Br.") (Doc.
72)).

ACE responded in opposition to both Salem's and Gemini's
motions to dismiss. (See ACE American Insurance Company's Resp.
in Opp'n to Salem Carriers, Inc. and Gemini Insurance Company's
Mots. to Dismiss ACE's Am. Third-Party Compl. or, in the
Alternative, Mots. For J. on the Pleadings [Doc. 68 and Doc. 71]
("ACE's Resp.") (Doc. 78).) Salem has replied. (Third-Party Def.
Salem Carriers, Inc.'s Reply Br. in Supp. of its Mot. to Dismiss
the Third-Party Am. Compl. or in the Alternative Mot. for J. on
the Pleadings ("Salem's Reply") (Doc. 81).) As has Gemini.
(Reply in Supp. of Third-Party Def. Gemini Insurance Co.'s Mot.
to Dismiss ACE American Insurance Co.'s First Am. Compl. or, in
the Alternative, Mot. for J. on the Pleadings ("Gemini's Reply")
(Doc. 82).)

Both Salem's and Gemini's motions to dismiss are ripe for
adjudication. As Salem and Gemini raise similar arguments, this
court addresses both motions together.

## III. **STANDARD OF REVIEW**

### A. **Motion to Dismiss under Rule 12(b)(6)**

To survive a Rule 12(b)(6) motion, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the claimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable" and demonstrates "more than a sheer possibility that a defendant has acted unlawfully." Id. When ruling on a motion to dismiss, this court accepts the claim's factual allegations as true. See id. Further, this court liberally construes the claims, "including all reasonable inferences therefrom," in the claimant's favor. Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004). This court does not, however, accept legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

### B. **Motion for Judgment on the Pleadings under Rule 12(c)**

Rule 12(c) motions for judgment on the pleadings are "designed to dispose of cases when the material facts are not in dispute and the court can judge the case on its merits by

- 12 -

considering the pleadings." <u>Preston v. Leake</u>, 629 F. Supp. 2d
517, 521 (E.D.N.C. 2009). The pleadings, matters of public
record, exhibits to the pleadings, "and exhibits to the Rule
12(c) motions that [are] integral to the complaint and
authentic" may be considered. <u>Massey v. Ojaniit</u>, 759 F.3d 343,
347–48 (4th Cir. 2014). "[T]he court must accept all of the non-
movant's factual averments as true and draw all reasonable
inferences in its favor." <u>SmithKline Beecham Corp.</u>, 2016 WL
922792, at *3. Judgment on the pleadings is generally only
warranted where "the movant clearly establishes that no material
fact is disputed and that movant is entitled to judgment as a
matter of law." <u>Preston</u>, 629 F. Supp. 2d at 521.

## IV. <u>**ANALYSIS**</u>

ACE alleges that on the day of Ms. Wallace's accident,
Salem negligently failed to comply with federal motor carrier
safety regulations in violation of Salem's Transportation
Agreement with PCA. (<u>See</u> ACE's Third-Party Compl. (Doc. 65) at
14.) ACE further alleges that those failures caused Ms.
Wallace's injuries, which ultimately led to the Underlying
Lawsuit by Ms. Wallace against PCA.

As a result of Salem's alleged negligence, ACE claims that
Salem must indemnify PCA for costs and expenses that PCA, and
thus ACE, sustained in the Underlying Lawsuit pursuant to the

- 13 -

indemnification provision in the Transportation Agreement. (See id. at 15.) Additionally, ACE alleges that Gemini, as one of Salem's insurers, also has an obligation to indemnify PCA for expenses and costs incurred in the Underlying Lawsuit pursuant to the Gemini Policy. (See id. at 15-16.)

Salem and Gemini (collectively, "Third-Party Defendants") raise three arguments in support of their motions to dismiss ACE's third-party complaint.

First, they argue that ACE does not assert a proper third-party claim. (See Salem's Br. (Doc. 69) at 3; Gemini's Br. (Doc. 72) at 3.) As will be explained, this court finds that ACE has asserted a proper third-party claim against both Salem and Gemini under Fed. R. Civ. P. 14.

Second, Third-Party Defendants argue that the indemnification provision in the Transportation Agreement is void; thus, Salem has no obligation to indemnify PCA under the Transportation Agreement, and Gemini has no obligation to provide coverage to PCA under the Gemini Policy. (Salem's Br. (Doc. 69) at 8-14; Gemini's Br. (Doc. 72) at 9-13.) This court has already determined that the indemnification provision in the Transportation Agreement is valid. (See Mem. Op. and Order (Doc. 84) at 25-32). This court will not address that issue

again here, but rather, simply holds that the Transportation Agreement is not void.

Third, Salem argues that ACE does not have standing to assert the claims alleged in ACE's third-party complaint. (Salem's Br. (Doc. 69) at 4.) However, Salem provides no argument or legal basis in support of its argument. Parties' motions must "state with particularity the grounds therefor [and] shall cite any statute or rule of procedure relied upon." L.R. 7.3(b). It is not clear to this court what specific argument or authority concerning standing Salem is raising, so the motion to dismiss will be denied as to this issue.

Accordingly, this court will deny Third-Party Defendants' motions to dismiss ACE's third-party complaint. (Doc. 68; Doc. 71.)

### A.   Third Party Complaint Under Fed. R. Civ. P. 14

Under Fed. R. Civ. P. 14, a defending party may file a third-party complaint against "a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim <u>and</u> the third party's liability is secondary or derivative." <u>United States v. One 1977 Mercedes Benz</u>, 708 F.2d 444, 452 (9th Cir. 1983). "[I]t is not enough to

- 15 -

only find that the claims arise from the same transaction or occurrence." Superior Performers, Inc. v. Ewing, No. 1:14cv232, 2015 WL 790371, at *2 (M.D.N.C. Feb. 25, 2015). "[T]he third-party claim must be dependent on or related to the initial plaintiff's claim against the defendant." Scott v. PPG Indus., Inc., 920 F.2d 927, at *3 (4th Cir. Dec. 13, 1990) (unpublished table decision) (citing One 1977 Mercedes Benz, 708 F.2d at 452). "Such situations that constitute a proper basis for a third-party complaint generally include those that arise in the context of indemnification, subrogation, and express or implied warranties." Superior Performers, 2015 WL 790371, at *2. "To show that a nonparty is 'liable to it for all or part of the claim' against the third-party plaintiff, there must be a legal obligation created via indemnification, contribution, subrogation, warranty, or some other derivative device." W. Inv. Foreign Shares, LLC v. McCollum, No. 3:19-CV-00312-GCM, 2022 WL 16625550, at *7 (W.D.N.C. Nov. 1, 2022).

The principal issues presented by Plaintiff Great West's amended complaint, (Doc. 57), include, inter alia, whether the Transportation Agreement between PCA (ACE's insured) and Salem (Great West's insured) require Great West to pay, on behalf of Salem, some or all of the costs and expenses PCA incurred as the named defendant in the Underlying Lawsuit. Resolution of that

- 16 -

issue requires determining the actor — whether PCA, Salem, or both — whose negligence caused injury to Ms. Wallace. PCA claims that Salem was negligent, so PCA is owed indemnification from Salem pursuant to the Transportation Agreement's indemnification provision for the liability PCA incurred in the Underlying Lawsuit. The fact that Great West is Salem's insurer does not limit PCA's, and by extension, ACE's, authority to proceed under the Transportation Agreement's indemnification provision. Thus, there is a legal obligation that arises from the Transportation Agreement's indemnification provision. See W. Inv. Foreign Shares, 2022 WL 16625550, at *7.

This court will now provide a brief overview of how the different parties' claims in this action relate to one another and to their legal obligations under the Transportation Agreement.

In the Underlying Lawsuit, Ms. Wallace alleged that PCA's negligence caused her injuries in the October 2, 2015 accident.

(See Ex. A ("Compl. in Underlying Lawsuit") (Doc. 57-1) ¶ 7.)[5] Great West alleges that Ms. Wallace's injuries resulted "solely [from] PCA's negligence." (Great West's First Am. Compl. (Doc. 57) at 10-11.) Thus, Great West alleges that it is not responsible for providing coverage to PCA or ACE in the Underlying Lawsuit. (See id. at 18-22.)

This court has previously found that, pursuant to the indemnification provision in the Transportation Agreement, if Salem was also negligent for Ms. Wallace's injuries, then Salem is obligated to indemnify PCA. (See Mem. Op. and Order (Doc. 84) at 25-32.) The Great West Policy named PCA as an additional insured. (See Great West's First Am. Compl. (Doc. 57) ¶ 15; ACE's Answer and Countercl. (Doc. 64) at 2.) If Salem must indemnify PCA, then Great West must also provide PCA coverage. (See Mem. Op. and Order (Doc. 84) at 15-25.) ACE is one of PCA's insurers. (See ACE's Third-Party Compl. (Doc. 65) at 16.) So,

---

[5] This court "may properly take judicial notice of [the Complaint in the Underlying Lawsuit as a] matter[] of public record" when reviewing Third-Party Defendants' motions. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (reviewing a Rule 12(b)(6) motion to dismiss); see also Massey, 759 F.3d at 347 (On a Rule 12(c) motion, "[o]pen to the district court's consideration [are] . . . matters of public record."). Indeed, "the most frequent use of judicial notice . . . is in noticing the content of court records." Colonial Penn Ins. v. Coil, 887 F.2d 1236, 1239-40 (4th Cir. 1989) (internal citations and quotations omitted).

ACE may also be due indemnification from Salem and insurance coverage from Great West.

As a result, the question of Plaintiff Great West's liability to Defendants PCA or ACE turns on whether Third-Party Defendant Salem was also negligent in causing Ms. Wallace's injuries in the Underlying Lawsuit. In fact, this court explained previously that further factual development on the issue of Salem's alleged negligence was necessary before this court could grant judgment on the main claim in this action in favor of either Plaintiff Great West or Defendants PCA and ACE. (See Mem. Op. and Order (Doc. 84) at 14.)

Further, Third Party Defendant Salem's liability depends on whether Defendant PCA is solely liable for Ms. Wallace's injuries and Defendant ACE is solely responsible for providing PCA with insurance coverage. Gemini is allegedly Salem's excess insurer. (See ACE's Third-Party Complaint (Doc. 65) at 6.) So Third-Party Defendant Gemini's liability also depends on whether Defendants are solely liable for the costs and expenses of the Underlying Lawsuit. If Defendants are not solely liable, then Gemini may also owe PCA and ACE insurance coverage.

"[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or

- 19 -

derivative." One 1977 Mercedes Benz, 708 F.2d at 452; see also Scott, 920 F.2d at *3. Third-Party Defendants' liability is dependent upon "the outcome of the main claim" asserted by Plaintiff Great West against Defendants PCA and ACE. If Great West is owed contribution or coverage from PCA and ACE in the main claim, then Third-Party Defendants may face no liability under the third-party claim. But if Great West owes contribution or coverage to PCA and ACE in the main claim, then Third-Party Defendants may also face liability under the third-party claim. Additionally, Third-Party Defendants' liability is "secondary or derivative" because it results from an indemnification provision in the Transportation Agreement. Superior Performers, Inc., 2015 WL 790371, at *2 ("Such situations that constitute a proper basis for a third-party complaint generally include those that arise in the context of indemnification . . . .").

Furthermore, given that all parties' obligations in this case are dependent on resolution of the issue of whether PCA was solely negligent in Ms. Wallace's injuries or whether Salem was also negligent, resolving all parties' claims within this one action "avoid[s] circuity and multiplicity of actions." See Noland Co. v. Graver Tank & Mfg. Co., 201 F.2d 43, 50 (4th Cir. 1962). And "[i]n assessing third-party claims, the district court is afforded wide discretion." Crowley v. BWW Law Grp.,

- 20 -

LLC, No. RDB-15-00607, 2016 WL 4611275, at *5 (D. Md. Sept. 6, 2016); see also Noland Co., 201 F.2d at 50 (noting as dicta that it is within the district court's sound discretion to determine proper joinder of claims, although the court was not concerned with whether a third-party complaint was proper under Fed. R. Civ. P. 14); Glens Falls Indem. Co. v. Atl. Bldg. Corp., 199 F.2d 60, 63-64 (4th Cir. 1952) (explaining that it is within a district court's discretion to determine if a third-party defendant may be brought into a case). Accordingly, this court finds that ACE does assert a proper third-party claim against both Third-Party Defendants.

Nonetheless, Third-Party Defendants assert that ACE does not state a claim for derivative liability under Fed. R. Civ. P. 14. (See Salem's Br. (Doc. 69) at 6-8; Gemini's Br. (Doc. 72) at 6-8.) Salem explains: "ACE does not claim Salem is derivatively liable for any amounts ACE may owe to Great West. Instead, ACE contends that Salem must defend and indemnify PCA instead of ACE." (Salem's Br. (Doc. 69) at 3 (emphasis in original).) Gemini too argues: "ACE does not allege that, if it owes money to Great West, then Gemini owes money to ACE. Instead, ACE alleges that Gemini owes coverage instead of ACE." (Gemini's Br. (Doc. 72) at 3 (emphasis in original).) The crux of Third-Party Defendants' argument appears to be that ACE's

liability does not stem from its alleged obligations to Great West in the main claim, but rather, from Salem's legal obligations to PCA (and thus, to ACE, as PCA's insurer).

In support, Salem points to Rhodes Inc. v. Morrow, No. 6:95cv00288, 1997 WL 582878 (M.D.N.C. Mar. 6, 1997). (See Salem's Reply (Doc. 81) at 3.) However, Rhodes does not support Third-Party Defendants' argument. In Rhodes, although the main and third-party claims perhaps arose from the same automobile accident, the third-party claim was neither secondary, nor derivative, to the main claim. See id. at *2. The main claim involved an employer health plan suing the defendant/third-party plaintiff to recoup settlement funds the defendant received due to an automobile accident. See id. at *1. The defendant/third-party plaintiff asserted a third-party claim against his employer under ERISA § 510 in the same action. See id.

The court found that the third-party claim was not proper under Fed. R. Civ. P. 14; the "third-party defendant's liability to the third-party plaintiff must be derivative of or secondary to the third-party plaintiff's liability to the plaintiff." Id. at *2. The main claim related to recouping settlement funds from a separate lawsuit, while the third-party claim was a wrongful discharge claim. See id. Thus, the third-party claim was neither secondary, nor derivative. See id.

- 22 -

That is not the case here. Here, Plaintiff Great West's claims and Third-Party Plaintiff ACE's third-party claims both turn on the same legal and factual issues — whether Salem was also negligent for Ms. Wallace's injuries, and thus, whether Salem and its insurers must indemnify and provide coverage to PCA and ACE for the Underlying Lawsuit. This court is not convinced by Third-Party Defendants' reliance on <u>Rhodes</u>.

Thus, this court finds that ACE has properly stated a third-party claim against Third-Party Defendants Salem and Gemini under Fed. R. Civ. P. 14. This court will deny Third-Party Defendants' motions to dismiss. (Doc. 68; Doc. 71.)

## V. <u>CONCLUSION</u>

For the foregoing reasons,

**IT IS THEREFORE ORDERED** that Salem's Motion to Dismiss Third-Party Amended Complaint or in the Alternative, Motion for Judgment on the Pleadings, (Doc. 68), is **DENIED.**

**IT IS FURTHER ORDERED** that Gemini's Motion to Dismiss ACE Insurance Company's First Amended Complaint or, in the Alternative, Motion for Judgment on the Pleadings, (Doc. 71), is **DENIED.**

This the 3rd day of March, 2023.

_____
William L. Osteen, Jr.
United States District Judge

- 23 -